

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendnet of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-3420
Re: The acceptance of a deed to
real property in lieu of de-
linquent taxes.

We are in receipt of your letter in which you enclosed a letter from Mr. B. M. Dinsmore, Superintendent of Electra Public Schools, as follows:

"Our Board of Education, realizing that it has no authority to reduce the taxes below that fixed by the Board of Equalization after the Board of Education has accepted the Board of Equalization's report, is confronted with the situation of some of those who owe delin- quent taxes presenting to the School Board a deed to the property in lieu of the taxes. Now, the questions are:

"1. Is the school district responsible to the other political subdivisions for the full amount of their taxes on this property which has been deeded to the school in lieu of all taxes?

"2. Could the School Board sell this prop- erty after it has been deeded to the school district and prorate the proceeds to the dif- ferent political subdivisions in full payment of their taxes in the event the Board of Educa- tion could not sell the property for an amount sufficient to pay all taxes?"

We are unable to find any provision in the law which authorizes a delinquent taxpayer to pay taxes assessed

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

against his property by presenting to the taxing authority a deed to the property in lieu of the taxes. We further call your attention to the provisions of Article 7328a, of Vernon's Annotated Civil Statutes, which provides as follows:

"That all sales of real estate made for the collection of delinquent taxes due thereon shall be made only after the foreclosure of tax lien securing same has been had in a court of competent jurisdiction in accordance with existing laws governing the foreclosure of tax liens in delinquent tax suits. Acts 1929, 41st Leg., p. 103, ch. 48, § 1."

The procedure for bringing of tax suits against delinquent taxpayers and the apportionment of the proceeds from such suits between the various taxing units having liens against the same property is outlined in Article 7345b, of Vernon's Annotated Civil Statutes. We believe that such procedure is the one that should be followed:

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BG:LM

By

Billy Goldberg
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN